**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0470n.06

**No. 13-3632**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

Jun 30, 2014

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| MARCO GONZALEZ, | ) | |
|     Petitioner, | ) | ON PETITION FOR REVIEW FROM |
|  | ) | THE UNTIED STATES BOARD OF |
|     v. | ) | IMMIGRATION APPEALS |
|  | ) | |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
|     Respondent. | ) | |

BEFORE: MOORE and KETHLEDGE, Circuit Judges; and TARNOW, District Judge.[*]

TARNOW, District Judge. Marco Gonzalez petitions for review of a Board of Immigration Appeals order denying his application for cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture. We DISMISS in part and DENY in part the petition.

Petitioner is a citizen of Guatemala. Prior to illegally entering the United States in 1993, Petitioner was abducted by an anti-government guerrilla group while working in a remote area of Guatemala. The group held him by force in the mountains for several months, during which time the group forced Petitioner to participate in military training, and punished Petitioner for an escape

---

[*]The Honorable Arthur J. Tarnow, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

1

attempt by binding his hands and feet, and keeping him in a cave for three days. During one of the group's engagements with government forces, Petitioner successfully escaped and fled to Mexico for approximately four years before returning to Guatemala in 1992 or 1993. Shortly thereafter, Petitioner and his father were approached by a second guerrilla group, who demanded food and money with threat of kidnaping Petitioner. Petitioner then fled to the United States and applied for asylum.

In 1998, Petitioner was convicted on two counts of uttering a forgery in violation of Florida law. Petitioner's application for asylum was denied in April 2007. In June 2007, the Department of Homeland Security/Immigration and Customs Enforcement (DHS/ICE) initiated removal proceedings against Petitioner. Petitioner conceded that he is inadmissible for being illegally present and therefore removable. Petitioner then submitted an application for cancellation of removal in January 2008.

During Petitioner's April 27, 2011 immigration hearing, the Immigration Judge (IJ) pretermitted Petitioner's application for cancellation of removal, finding that the 1998 conviction is a crime involving moral turpitude (CIMT). In his May 26, 2011 decision, the IJ found Petitioner credible, but found that he did not establish a well-founded fear of persecution on account of a protected ground, and denied the asylum and withholding claims. The IJ also found that Petitioner is ineligible for protection under the CAT, because he is unable to establish that it is more likely than not that he will be tortured with the acquiescence of the government if removed to Guatemala. Finally, the IJ found that Petitioner's claims for asylum, withholding of removal, and relief under the CAT are barred because he received military-type training from a Tier III terrorist organization, and that there is no duress exception to this bar.

On June 14, 2011, Petitioner appealed the ruling of the IJ, and on April 25, 2013, the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal. While the BIA found that the bar based on receiving military-type training did not apply to a deferral of removal claim under the CAT, it ultimately affirmed the IJ's conclusion that Petitioner failed to show that it was more likely than not he would be tortured if removed. The BIA otherwise affirmed the IJ's decision.

We review the BIA's decision as the final agency determination, and review the IJ's decision to the extent the BIA adopted its reasoning. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review questions of law de novo and factual findings under a substantial evidence standard. *Id.*

Petitioner first argues that the BIA erred in categorizing his conviction of uttering a forgery as a CIMT, and finding Petitioner ineligible for cancellation of removal.

While the BIA's interpretation of the term 'crime involving moral turpitude' is entitled to *Chevron* deference, we review its interpretation of a state criminal statute de novo. *Ruiz-Lopez v. Holder*, 682 F.3d 513, 516 (6th Cir. 2012). In constructing the term crime of moral turpitude, "the BIA recently clarified that '[a] finding of moral turpitude under the [INA] requires that a perpetrator have committed the reprehensible act with some form of scienter.'" *Id.* at 519 (quoting *Silva-Trevino*, 24 I. & N. Dec. 687, 706 (B.I.A. 2008)).

Petitioner was convicted under the following criminal statute: [w]hoever utters and publishes as true a false, forged or altered record, deed, instrument or other writing mentioned in §831.01 knowing the same to be false, altered, forged or counterfeited, with intent to injure or defraud any person, shall be guilty of a felony of the third degree." Fla. Stat. §831.02 (1997).

Petitioner argues that the two possible elements of intent included in this statute–the intent to injure or to defraud–are stated in the disjunctive, and therefore constitute two separate offenses.

3

Relying on *Valansi v. Ashcroft,* 278 F.3d 203 (3d Cir. 2002), Petitioner asserts that the "intent to injure" does not meet the definition of a CIMT. However, unlike the statute at issue in *Valansi*, the Florida statute includes a knowledge requirement in addition to the intent to injure. *See Valansi,* 278 F.3d at 210. As the BIA held, "the Florida statue at issue here requires that the offender have knowledge of the falsehood, in addition to the intent to either defraud or injure, such that the intent to injure encompasses acting with knowledge that something false that results in harm to another." In fact, *Valansi* differentiates the intent to injure from the intent to defraud by noting that the intent to injure does not require an element of knowledge. *Valansi,* 278 F.3d at 211.

Petitioner also argues that the Florida statute falls within the category of "worthless check convictions" that the BIA has held does not involve moral turpitude "if a conviction can be obtained without prior proof that the convicted person acted with intent to defraud." *Matter of Balao*, 20 I. & N. Dec. 440, 444 (B.I.A. 1992). While the statute at issue in *Matter of Balao* does include a knowledge requirement, it does not include an intent element, and is therefore distinguishable from the Florida statute. *Id.* at 443 (quoting 18 Pa. Cons. Stat. § 4105(a)(1)(1987)). Because all possible offenses under the Florida statute meet the definition of a CIMT, we need not consider Petitioner's specific offense. *See Ruiz-Lopez*, 682 F.3d at 518.

Therefore, we find that the BIA did not err in finding Petitioner's conviction a CIMT and rendering Petitioner ineligible for cancellation of removal.

Next, Petitioner argues that the BIA erred in finding no duress exception to the bar to relief based on receiving "military-type training . . . from or on behalf of any organization that, at the time the training was received, was a terrorist organization." 8 U.S.C. § 1182(a)(3)(B)(i)(VIII). Even assuming—without deciding—that such an exception exists, our determination that the BIA did not

err in its classification of Petitioner's prior conviction as a CIMT deprives us of jurisdiction to review the BIA's factual finding that Petitioner failed to prove that he was eligible for asylum or withholding of removal. *See* § 1252(a)(2)(C); *Ruiz-Lopez*, 682 F.3d at 516. Thus, we decline to answer whether there is a duress exception to the military-training bar and dismiss Petitioner's request for review of the BIA's asylum and withholding-of-removal decisions for a lack of jurisdiction

Finally, Petitioner requests relief under the CAT. We previously outlined the complex issue of statutory-interpretation involved in deciding whether the jurisdiction provisions of 8 U.S.C. §1252(a)(2)(B) and §1252(a)(2)(C) apply to deferral of removal claims under the CAT. *See Ali Kassem Abou Khodr v. Holder*, 531 Fed. Appx. 660, 664 (6th Cir. 2013). We need not further address that issue here as the BIA's denial of relief under the CAT is supported by substantial evidence.

As the IJ found, Petitioner did not show that it was more likely than not that he will be tortured if removed to Guatemala, and that this torture would occur with the "acquiescence of a public official." 8 C.F.R. § 208.18(a)(7); *see* 8 C.F.R. § 1208.16(c)(4). While Petitioner may have shown a well-founded fear of violence, he has failed to provide any evidence of "willful blindness" on the part of the Guatemalan government. *Amir v. Gonzales*, 467 F.3d 921, 927 (6th Cir. 2006).

Therefore, the petition for review is dismissed in part and denied in part.